CORNELIUS COYLE, PLAINTIFF IN ERROR, v. THE GRIFFING IRON COMPANY, DEFENDANT IN ERROR.

Argued July 7-10, 1899—Decided November 20, 1899.

A person who enters into the employ of another assumes all the risks and perils usually incident to the employment; and included in such risks and perils are those which it is a part of his duty to take knowledge of by observation.

———

On error to the Supreme Court. For opinion of the Supreme Court, see 33 *Vroom* 540.

For the plaintiff in error, *Queen & Tennant.*

For the defendant in error, *Vredenburgh & Garretson.*

The opinion of the court was delivered by

GUMMERE, J. This action is brought by the plaintiff, Coyle, against the defendant company for personal injuries received by him while at work in their employ. His employ-

ment began in September, 1895, and he commenced operating the machine at which he was hurt about three weeks later. His injuries were received in November, 1896. His work upon the machine included the oiling, twice each week, of certain pulleys which communicated power to it by means of belting which ran to the main shafting of the shop. There were three pulleys to the machine, the outer ones being "loose" and turning on the axle, the inner one being "tight" and fastened to it. The axle running through the three pulleys operated machinery at its left end by means of cog-wheels. The object of the loose pulleys was to provide a means of throwing the belting off the tight pulley, thus stopping the operation of the machine. The belting ran through a guide in front of the pulleys, and was shifted from the loose to the tight pulleys (and *vice versa*) by means of a lever which ran across the three pulleys; the guide through which the belting ran was fastened to this lever and extended down over the pulleys like an arm. The pulleys ran at a speed of between eight and nine hundred revolutions a minute. The cogs which started the machinery to the left of the pulleys were about three inches away from the nearest pulley. There were oil tubes on the inside of the loose pulleys. In order to oil them the operator would throw the belting on the tight pulley and thus start the machinery; the loose pulley would continue to revolve for some time by its acquired momentum, which was stopped by the operator, either by pushing a stick underneath or by holding the hand against the flat part of the pulley. On the morning of the accident Coyle stopped the loose pulleys in the usual manner, and, after taking out the plugs from the oil tubes, started to pour in the oil. He did this with his left hand. While he was putting back the plugs into the tubes, the belting was suddenly shifted from the tight to the loose pulley which he was oiling. It immediately commenced to revolve rapidly; one of the spokes struck Coyle's hand, throwing it between the cogs immediately to the left. The result was that he lost two fingers and part of his hand, the use of which was entirely destroyed.

The ground upon which the plaintiff seeks to impose upon his employer responsibility for the accident from which he is suffering is that, with the machine in proper order, the belt would not have shifted from the tight to the loose pulley. The defect in the machine is said to have been caused by the absence of a bolt which fastened the lever to the guide, and it is claimed, and is beyond question true, that inspection by the master would have led to the discovery of the defect. The machine, as originally constructed, had two bolts making this fastening. The natural result of the absence of one of them, as was shown by the testimony produced on the part of the plaintiff, was to cause the guide to work loose from the lever, thereby making it possible for the belting to shift from one pulley to another, although not thrown over by the man operating the machine.

After the testimony on both sides was in, the trial judge, considering that the testimony showed, among other things, that the defect in the machine which caused plaintiff's injury was an obvious one, directed a verdict in favor of the defendant. The plaintiff now seeks to set aside the judgment entered upon that verdict.

That the insecure fastening of the lever to the guide, due to the absence of a bolt, was an obvious defect and one which the plaintiff, by exercising a reasonable degree of caution, would have discovered, is clearly shown by the proofs offered by him.

By those proofs it appears that the bolt had been out for nearly nine months preceding the date of the accident. The plaintiff himself testified that, although he had not observed the absence of the bolt before he was injured, he noticed immediately afterward, while standing in front of the machine, that there was but one bolt in the guide and that there was only a hole where the other one should have been.

It cannot be doubted that a defect so easily seen would have been discovered by him had he used ordinary care in observing if the machine fell out of repair. Although the master is charged with the duty to his servant of providing reason-

ably safe and proper machinery and appliances for the latter to work upon, and of using due care in keeping such machinery and appliances in repair; and of making inspection thereof at proper intervals, the servant, who operates a machine or mechanical appliance, is on his part also chargeable with certain duties with relation to such machinery and appliances. He must exercise a proper watchfulness in order to see that, in the course of its use, it does not become defective for want of repair and so more dangerous in its operation than it would otherwise be. And if the repairs needed are not such as should be made by him, his duty requires him to report the condition of the machine to his employer. And this duty becomes more imperative when personal danger to himself and others may follow from the continued use of the machine while out of repair. *Bail. Mast. Liab., p.* 169, and cases cited. As a corollary to this rule it follows that, where a machine becomes defective during use and consequently more dangerous to operate, and such defect is an obvious one, which might have been discovered by the servant by the use of reasonable diligence, he is presumed to have taken upon himself the risks incident to its further use while out of repair, and if injury results to him from such use the master is not liable. In other words, the servant assumes all the risks and perils usually incident to the employment, and included in such risks and perils are those which it is a part of his duty to take knowledge of by observation. *Foley* v. *Jersey City Electric Light Co.,* 25 *Vroom* 411; *Chandler* v. *Coast Electric Railway Co.,* 32 *Id.* 328; *Johnson* v. *Devoe Snuff Co.,* 33 *Id.* 417.

The testimony in the case would not have supported any other verdict than that directed by the trial judge, and there was consequently no error in the instruction complained of. *Aycrigg's Executors* v. *New York, &c., Railroad Co.,* 1 *Vroom* 460; *Meyers* v. *Birch,* 30 *Id.* 238; *McCormack* v. *Standard Oil Co.,* 31 *Id.* 243.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, DEPUE, VAN SYCKEL, DIXON, GARRISON, GUMMERE, LUDLOW, COLLINS, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH. 13.

*For reversal*—None.