DANIEL McGRATH v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY.

Submitted July 5, 1902—Decided November 10, 1902.

1. A, an employe at one of the coal docks of the Delaware, Lackawanna and Western Railroad Company, was charged with the duty of placing a block of wood, known as a "sprag," under the wheels of any car which should come down the tracks on the dock, not under the control of the brakeman upon it, in order that the car might be brought to a standstill at the chute upon

the dock. While performing this duty his hand was crushed by the wheels of the car which he was endeavoring to stop. The brakeman upon this car was unable to control it, by reason of the defective condition of the brake upon it. *Held*, that the fact that the defect in the brake was due to the negligence of the company afforded no ground for a recovery against it, by A, for the injury so received by him.

2. The "sprag," used by A, was defective, and, instead of stopping the car when it was placed under the wheel, was crushed by it. The defective condition of the "sprag" was the proximate cause of the injury. That condition, however, would have been apparent to A upon a casual examination. *Held*, that the duty of self-protection requires an employe to make such inspection of appliances, furnished to him for his work, by his employer, as will disclose to him any obvious defect therein, and to exercise a proper watchfulness to see that, during use, they do not become so defective as to be more dangerous than they otherwise would be; and failure to do this is negligence on his part which will prevent him from recovering for an injury, received by him, through a defective appliance, the condition of which was, or should have been, known to the employer.

On error to the Court of Common Pleas of Hudson county.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and GARRETSON.

For the plaintiff in error, *Bedle, Edwards & Lawrence.*

For the defendant in error, *Warren Dixon.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This writ of error brings up for review a judgment recovered by the plaintiff below, McGrath, against the railroad company, for personal injuries received by him while in its employ. His duty, at the time of the accident, and for a considerable time previous thereto, had been to assist in unloading coal cars at the company's docks on the Hudson river. The cars were run along the docks, on a down grade, one at a time, with a brakeman in control, and brought to a stop directly over a chute, so that they could be unloaded into it. When, as sometimes happened, a car could not be

stopped, by the use of the brake, directly over the chute, it was the duty of the plaintiff, and of other servants of the company in a like employment, to use what was called a "sprag" to bring it to a standstill. This sprag was a wedge-shaped piece of oak wood, and it was placed on the track in front of the wheel. On the day of the accident the plaintiff saw a car coming down the dock, in the direction of the chute where it was intended to be stopped. As the car came along it was apparent to him that the brakeman in charge of it was not able to control it, and that it would overrun the chute. In order to prevent this from occurring he took up a sprag, which he had previously selected from among those furnished by the company to its employes, and placed it upon the track in front of the wheel of the car. The sprag, being rotten, broke, and the wheel ran over his hand, crushing it.

Liability is sought to be imposed upon the company—*first,* because it furnished the plaintiff with a defective sprag, the condition of which could have readily been ascertained by it upon a proper inspection or by applying proper tests, and *second,* because the inability of the brakeman to control the car was due to the fact that the brake upon it was out of order, and that this would have appeared upon inspection.

It is not perceived how the second ground of complaint will support the plaintiff's action. It was the fact that the car was beyond the control of the brakeman that called for action on his part. One of the duties which his employment required him to perform was to use the sprag, under the conditions which existed, without regard to what produced them; to check a car which the brakeman could not stop, as well when the situation had been created by the negligence of his employer as when it arose from circumstances with which it was entirely unconnected. The risks incident to the perform-ance of that duty were assumed by him by his contract of employment. Moreover, if there was danger in attempting to stop a runaway car, that danger was perfectly obvious to the plaintiff, and he knowingly took the hazard of the attempt.

Nor do we think that the first ground upon which the

plaintiff's case was rested will support the action. It is based upon the duty, which a master owes to his servant, of using reasonable care to furnish him with proper appliances with which to do his work, and of making inspection and tests thereof, at reasonable intervals, for the purpose of ascertaining whether they are in good order. It appears from the plaintiff's own testimony that the defective sprag was a new one; and, by the testimony of one of his witnesses, that its rotten condition could have been readily detected "by the use of a hammer, by sounding, or by a casual examination of it." Now, although the master is bound to use reasonable care in the selection of the appliances to be used by the servant, and to make proper inspection thereof, yet this does not absolve the latter from all responsibility with relation to their condition. The duty of self-protection requires *him* to make such inspection of the appliances furnished to him for his work as will disclose to him any obvious defect therein, and to exercise a proper watchfulness to see that, during use, they do not become so defective as to be more dangerous than they otherwise would be. *Coyle* v. *Griffing Iron Co.,* 34 *Vroom* 609. Failure to do this is negligence on his part, which will prevent him from recovering for an injury received by him through a defective appliance, the condition of which was, or should have been, known to the master.

The facts disclosed in the plaintiff's case show that, if he had made such an examination of the rotten sprag as his duty required him to do, he would have become cognizant of its condition. His neglect to do so was, partially, the cause of his injury. The trial court should have directed a nonsuit at the close of the plaintiff's case, upon the request of the defendant, and its failure to do so was error.

The judgment under review should be reversed.