JOHN E. TOMPKINS, PLAINTIFF IN ERROR, v. MARINE ENGINE AND MACHINE COMPANY, DEFENDANT IN ERROR.

Argued December 4, 1903—Decided May 13, 1904.   ·

1. The duty of a master to a servant is discharged by the providing for the use of the servant tools which are in common and ordinary use, and which are reasonably safe and fit for the purpose to which they are to be applied.

2. The liability or responsibility of a master to instruct a servant as to the danger of employment arises only when the servant is himself ignorant and when the master knows the fact or ought to know it.

---

On error to the Supreme Court.

This case was tried at the Essex Circuit Court, before Chief Justice Gummere and a jury, and a judgment of nonsuit ordered.

The plaintiff in error, a young man of the age of nineteen years, in the employ of the defendant, was injured while setting a tool in a planer with a machinist's steel hammer. A chip of steel came from the tool and entered his left eye, destroying the sight thereof.

The plaintiff had been at work in the shop of the defendant for between five and six months, being first employed as a helper on a rail-planer, and subsequently he said he took the rails himself on the planer and had them taken off and set the tools. The tools were set in what is termed an apron, and adjusted to a gauge; they were set by tightening them first and then tapping them into position with a hammer.

It appeared that the defendant provided nothing for the workmen to set the tools in the planer; the men employed were required to bring with them their own kit of tools; that plaintiff brought his own hammer, which was a machinist's steel hammer, and kit of tools; that the other men used steel hammers in setting the tools, and some of them used heavier hammers than his.

Plaintiff had previously worked for sixteen months in an automobile shop and had there been taught planing. One Dean had recommended him to defendant, and it also appeared that after he entered the employment of defendant Dean instructed plaintiff how to set his tools and use the hammer, and in doing so showed the plaintiff by example how to set the tools so that they could be safely hit with a steel hammer. It also appeared that the majority of the tools used for the planers were of air-hardened steel.

At the conclusion of the case for the plaintiff a motion to nonsuit was made, on the ground that the proofs did not show negligence on the part of the defendant; that the accident was caused by the ordinary risks and dangers incident to the employment in which plaintiff was engaged, and that the danger of using a steel hammer and doing the work in the manner testified to by the plaintiff was an open and obvious one.

The trial judge directed a nonsuit and error has been assigned thereon.

For the plaintiff in error, *Samuel Kalisch.*

For the defendant in error, *George Holmes.*

The opinion of the court was delivered by

VROOM, J. The contention of the plaintiff in error is—*first,* that the defendant was guilty of negligence in failing to provide a proper and safe tool or implement with which to do the work, and *second,* the plaintiff being inexperienced, an additional duty devolved upon the master, which was to warn the plaintiff of any danger attending the work which was not obvious to the plaintiff.

This court has repeatedly laid down the master's duty under the contract of employment. In the recent case of *McDonald* v. *Standard Oil Co.,* 40 *Vroom* 445, it was held to be "to use reasonable care to provide a proper and safe place in which the servant may work, to furnish suitable tools with which he may work," &c.; the underlying obligation being the use of reasonable care. And in *Campbell* v. *Gillespie Co., Id.* 279, this court said that the master "is not bound to adopt the latest improvements in machinery, neither is he liable for an accident which would not have occurred if such improvements had been adopted. He is not required to furnish the best appliances possible to be obtained, but they must be reasonably safe and kept so." This accords with the rule as laid down in 1 *Shearm. & R. Negl.,* § 195, "the master is not bound to provide the very best materials, implements or accommodations which can be procured, nor those which are absolutely the most convenient or most safe. His duty is sufficiently discharged by providing those which are reasonably safe and fit." *Marsh* v. *Chickering,* 101 *N. Y.* 396.

Granting that the permitting by the defendant of the use of the steel hammer on the part of the plaintiff was an adoption of it by the defendant, it by no means follows that it was an improper implement to use and that this sanctioning of its use was negligence of the defendant, for if it was a tool in common and ordinary use for the purpose to which it was applied in this case, the duty of the master to the servant is discharged. That duty is defined to be to furnish "only such appliances, safeguards and tests as are usual." *Shearm. & R. Negl.* (5th ed.) 314.

There was no evidence in the case to show that the setting of tools by the use of a steel hammer was not an ordinary and usual way of doing this work. It is true, Mr. Tidy testified to the use of Babbitt metal for the purpose of setting tools in his shop, and Bean, who testified that he used a steel hammer in his work, stated that he had used Babbitt metal in shops at Hartford, Conn., and a copper or composition hammer at one other place; and it may, undoubtedly, be accepted as true, as was testified to by Dean, that the tools in different shops were struck by different kinds of hammers. It is not deemed at all essential to the determination of this case to decide whether a soft metal hammer or a steel hammer was the best or safest to use for the work to be performed in setting the tools in the planer; it is sufficient if the use of the steel hammer was an ordinary way to do the work and was adopted by the defendant, for, to use the words of the Court of Appeals of New York in *Sisco* v. *Lehigh and Hudson River Railroad Co.,* 145 *N. Y.* 296, 300, "the employer does not undertake with the employe that he will use the best appliances, nor is he called upon to discard machinery adopted by him in his business suited therefor, although there may be other machinery that may be safer. Still less is the master to be cast in damages for error in judgment in selecting one method in prosecuting his business, or one kind of machinery or appliances, on proof that another method or appliance is better or safer, when both kinds of appliances are in general use."

The steel hammer clearly appearing by the testimony to have been in common and ordinary use in the adjusting of the tools in the planer, the defendant in nowise failed in his duty to the plaintiff by its use.

The second proposition of the plaintiff in error is that the plaintiff being inexperienced, an additional duty devolved upon the master, which was to warn the plaintiff of any danger attending the work which was not obvious to the plaintiff.

The learned trial judge aptly said, in commenting upon this contention of the plaintiff below, "the argument of

counsel for the plaintiff rests upon his assumption that the master is always bound to assume that the servant is ignorant of the character of the work upon which he is to be employed and is thereby bound to instruct the servant;" and he properly held that the liability or responsibility to instruct as to the danger of employment arises only when the servant is himself ignorant and when the master knows the fact or ought to know it. The rule is laid down in 1 *Shearm. & R. Negl.*, § 203 : "The master is not required to point out dangers that are readily discoverable by the servant himself in the use of ordinary care with such knowledge, experience and judgment as the servant ordinarily possesses or as the master is justified in believing him to possess."

The evidence in this case fails to disclose any possible notice to the master of such ignorance. or inexperience on the part of the plaintiff as to call for any warning of the danger in the work he was undertaking.

The plaintiff had been recommended by his friend and fellow-workman to the defendant, the representations being that the plaintiff had worked as an apprentice with him and would be handy as a helper on the rail job. The plaintiff himself admitted that just before engaging with the defendant he had been at work in an automobile shop; had been a planer there and had set his own tools—the setting of the tools having, however, been by hand, a hammer not being necessary. The very thing he was employed to do by the defendant company was the setting of tools in a planer under the direction of the person in charge of the machine. No reason can exist why the master should not have believed that the plaintiff was qualified to fulfill the duties he was employed to perform.

It was correctly insisted, on the part of the defendant in error, that the danger of this accident was an obvious one, and one which the plaintiff had as much means of knowledge as the defendant.

The evidence shows that the plaintiff had been engaged in this work for nearly six months, and had been setting tool.

in the planer, as he testified, about once a day, and some-times twice a day. No chip had ever flown off, and a chip had not flown off at any other time with any other person. It is difficult to conceive upon what principle the master can be charged with a duty of warning against something which had not occurred during the more than five months' service of the plaintiff, and had not occurred, so far as the testimony shows, to anyone else during that time.

That the result of striking a steel tool with a hammer of steel would cause chips to fly, seems essentially an obvious danger, and to be one of those risks which, in the language of *Dillenberger* v. *Weingartner,* 35 *Vroom* 292, "was apparent in the exercise of ordinary observation and which are dis-closed by the eyes and other senses."

The law of obvious risks is too well settled in this court to call for any comment here. As concisely stated in *Coyle* v. *Griffing Iron Co.,* 34 *Vroom* 609, 612, the servant "as-sumes all the risks and perils usually incident to the employ-ment, and included in such risks and perils are those which it is a part of his duty to take knowledge of by observation." *Foley* v. *Jersey City Electric Light Co.,* 25 *Id.* 411; *Chandler* v. *Coast Electric Railway Co.,* 32 *Id.* 380; *Johnson* v. *Devoe Snuff Co.,* 33 *Id.* 417; *McDonald* v. *Standard Oil Co., supra.*

On neither of the grounds urged by the plaintiff in error can the judgment below be disturbed. The judgment of nonsuit is affirmed.

*For affirmance*—THE CHANCELLOR, DIXON, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDEN-BURGH, VROOM, GREEN. 11.

*For reversal* None.