NOVEMBER TERM, 1906. 669

*45 Vroom.* Vandegrift Const. Co. v. Camden, &c., Ry. Co.

VANDEGRIFT CONSTRUCTION COMPANY, DEFENDANT IN ERROR, v. CAMDEN AND TRENTON RAILWAY COMPANY, PLAINTIFF IN ERROR.

Argued November 27, 1906—Decided March 4, 1907.

The court is justified in controlling a jury in its verdict by a .binding instruction in a case in which the testimony will not support a verdict other than that which is directed.

On error to the Camden Circuit Court.

The case was tried before Judge Endicott and a jury, and a verdict directed for the plaintiff for the sum of $790.94.

For the plaintiff in error, *Gaskill & Gaskill.*

For the defendant in error, *Martin V. Bergen, Jr.*

The opinion of the court was delivered by

VROOM, J. This action was brought by the Vandegrift Construction Company against the Camden and Trenton Railway Company to recover the price of certain feed wire ordered, at the request of the defendant, by the plaintiff, and delivered to the defendant.

The facts, as disclosed at the trial, proved that the plaintiff, the Vandegrift Construction Company, had entered into a contract with the defendant to construct its trolley line from Camden to Trenton; that on or about January 1st, 1901, it ceased doing any further work for the said railway company, and that after that date the last-named company continued the construction work; that on June 1st, 1901, a statement for a settlement of the account was approved by the parties, and under it the settlement was made; that subsequently, on September 27th, 1901, it was effectuated by certain agreements by which the Vandegrift Construction Company relinquished and was released from further performance under the construction contracts, and the Mercer Construction Com-

670    COURT OF ERRORS AND APPEALS.

Vandegrift Const. Co. v. Camden, &c., Ry. Co.    74 *N. J. L.*

pany agreed to assume and pay the obligations of the said Vandegrift Construction Company incurred on account of the construction of the road, and was assigned to the rights of the plaintiff under the construction contracts, and was employed to complete the same.

On June 7th, 1901, the general manager of the Camden and Trenton Railway Company requested the plaintiff to purchase for his company some feed wire, the goods in suit, stating that he had been unable to get the wire. It was shown that the bill for this wire was not included in the settlement between the companies, but was an entirely different matter. It was further proved that the debt for said wire was paid by plaintiff and not assumed by the Mercer Construction Company.

The only evidence offered by the defendant consisted of three certain agreements, (1) one between the Vandegrift Construction Company and the Mercer Construction Company, (2) by the Vandegrift Construction Company, and (3) by the Camden and Trenton Railway Company.

The trial judge decided to take the responsibility of the case in his own hands, and said: "The plaintiff has proven *prima facie* a perfect case of goods purchased, at the request of the defendant, for which they agreed to pay, and have not paid. It is the duty of the court to construe written instruments, and the court, upon an examination of these papers which have been offered in evidence, considers they relate entirely to the contract for the original construction of the road, and there is nothing in these papers indicating any release from this bill."

To this direction the defendant excepted, and thereon is based the only assignment of error.

The only question for determination is whether the writings or agreements offered in evidence by the defendant constituted a general release or assignment of all claims by the Vandegrift Construction Company against the Camden and Trenton Railway Company, or were limited to debts incurred under the construction contracts.

It was not disputed that the Vandegrift Construction Com-

pany had done no work for the defendant company since June 1st, 1901. On June 1st of that year a settlement had been arrived at and a statement of indebtedness prepared, and on September 27th, 1901, the writings effectuating the settlement were finally executed.

These writings or agreements are those offered in evidence by the defendant at the time, and hereinbefore referred to, designated as Nos. 1, 2 and 3. They were correctly and briefly summarized in the brief of defendant in error, substantially as follows: No. 1 is an agreement between the Vandegrift Construction Company and Mercer Construction Company. It recites that the Vandegrift Construction Company had entered into a contract with the Camden and Trenton Railway Company for the construction of the roadway, and had not completed same nor received full compensation for same. By it the former company agreed (1) to relinquish and abandon any further performance of the contract, and all consideration and compensation moving thereunder, and assigned to the Mercer Construction Company "the said contract, together with all sums of money and things of value due or to be due thereon;" (2) to consent to the making of the contract between the Camden and Trenton Railway Company and the Mercer Construction Company; (3) the Mercer Construction Company agrees to assume and pay all obligations of the Vandegrift Construction Company incurred on account of said contract, as particularly set forth in a schedule thereto attached. This schedule sets forth the unpaid bills of the Vandegrift Construction Company as of June 1st, 1901, and does not include the bill in suit. No. 2 is the consent by the Vandegrift Construction Company, in its capacity as a stockholder of the Camden and Trenton Railway Company, to the making of the contract between the latter company and the Mercer Construction Company. It contains the following recital: "Whereas, In and by certain agreements made by and between the Camden and Trenton Railway Company, the Mercer Construction Company and the Vandegrift Construction Company, which have resulted in the relinquishment by the Vandegrift Construction Company

672    COURT OF ERRORS AND APPEALS.

Vandegrift Const. Co. v. Camden, &c., Ry. Co.    74 N. J. L.

of all rights, claims and demands against the Camden and Trenton Railway Company, and in the substitution of the Mercer Construction Company as contractor." * * * No. 3 is a release by the Camden and Trenton Railway Company from all claims against the Vandegrift Construction Company on account of the construction contract.

It was contended by the plaintiff in error that the clause above quoted from the recital in agreement distinguished as No. 2 showed that the plaintiff had relinquished all claims and demands against the defendant, but clearly the reference is only to the assignment of claims to the Mercer Construction Company contained in agreement No. 1, and it refers to, and is limited to, the construction contract.

The further contention on the part of the plaintiff in error, that the papers or agreements above mentioned raised a question for the jury whether the account for wire had been included in the general settlement, is without merit. Had there been any evidence conflicting as to a material fact, the case must have gone to the jury. *Crue* v. *Caldwell*, 23 *Vroom* 215.

There was, however, no evidence here conflicting as to any material fact. It was conclusively shown that the debt in question was not a part of the construction contract, and the trial judge properly ruled that it was not released or assigned under the agreements or writings offered by the defendant.

In my opinion, the testimony in the case would not have supported any other verdict than that directed by the trial judge, and there was consequently no error in the instruction complained of. *Coyle* v. *Griffing Iron Co.*, 34 *Vroom* 609; *Aycrigg's Executors* v. *New York and Erie Railroad Co.*, 1 *Id.* 460; *McCormack* v. *Standard Oil Co.*, 31 *Id.* 243.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.    16.

*For reversal*—None.