JOHN BERNADSKY, DEFENDANT IN ERROR, v. ERIE RAILROAD COMPANY, PLAINTIFF IN ERROR.

Submitted March 23, 1908—Decided June 15, 1908.

On error to the Supreme Court, whose opinion is expressed in the following memorandum:

PER CURIAM.

The plaintiff brought suit to recover damages for personal injuries sustained by him on November 6th, 1902, and resulting from an assault committed on him by the defendant Burns, while the latter was in the employ of the defendant, the Erie Railroad Company. The plaintiff was about seven years of age at the time of the alleged assault. At the trial of the cause the jury rendered a verdict in favor of the plaintiff, and judgment was entered thereon.

The defendant, the Erie Railroad Company, sues out this writ of error, and assigns, first, that there was no evidence upon which the verdict against it could be sustained. The case made by the plaintiff was that while he was in the yards of the defendant company at Weehawken he was attacked and beaten with a stick by Burns and was bitten by a dog

belonging to Burns, which the latter "sicked" upon him. The contention on the part of the defendant railroad company is that there was nothing in the proofs to show that, in committing the alleged assault, Burns was acting within the scope of his employment as its servant. We think the jury could properly find, from the testimony of the plaintiff and of the defendant Burns, that the plaintiff was a trespasser in the company's yard; that Burns, in the discharge of his duty as watchman, undertook to drive him off; that in doing so he committed the assault referred to, and that this abuse of the plaintiff was unnecessary and excessive. It is contended on behalf of the defendant in error that the testimony of Burns could not be considered by the jury in determining the question of the liability of the railroad company. No reason is given by counsel in support of this contention, and it seems to us to be without merit.

It is also assigned for error that the court improperly permitted the jury, in determining the compensation to which the plaintiff was entitled (in case a verdict should be found in his favor), to consider the mental suffering subsequently undergone by the plaintiff as a result of the attack upon him. There was no error in this judicial action. In the case of *Consolidated Traction Co.* v. *Lambertson,* 31 *Vroom* 457, it is declared by the Court of Errors and Appeals that in actions for personal injuries the mental suffering resulting from the injuries is a proper element of damages to be taken into consideration by the jury.

The only other assignment of error argued before us was directed at the admission of expert testimony showing the possibility of hydrophobia resulting from the bites of the dog. We concur in the view of counsel that this testimony was improperly admitted; but the error was rendered harmless by the instruction of the judge to the jury, which was as follows: "With respect to the danger of hydrophobia occurring, the case is barren of anything from which you would be entitled to assess any damages on that item. The boy has not had hydrophobia. The dog did not have hydrophobia, either at the time of biting him, or afterwards, and the dog

is dead. So far as the dog is concerned, the hydrophobia question is settled; so far as the boy is concerned, it is two years since the bite was inflicted, or nearly two years, and nothing has transpired, and you cannot imagine damages in favor of anybody. So your estimation of damages would be properly restricted to those points that I have adverted to as being proper to consider under the circumstances."

Finding no harmful error, the judgment under review must be affirmed.

For the plaintiff in error, *Collins & Corbin.*

For the defendant in error, *Weller & Lichtenstein.*

PER CURIAM.

The judgment of the Supreme Court should be affirmed, for the reasons expressed in the opinion delivered in that court.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, REED, TRENCHARD, BERGEN, VOORHEES, MINTURN, BOGERT, VROOM, GREEN, GRAY, DILL, J.J. 13.

*For reversal*—None.