JAMES P. A. WALDRONS, PLAINTIFF-APPELLEE, v. GEORGE H. WELLS AND GEORGE P. FOOTE, DEFENDANTS-AP-PELLANTS.

Submitted November 6, 1912—Decided March 25, 1913.

Where the defendants' servants wrongfully damaged the plaintiff's roof, testimony as to the cost of replacing the roof by a new one was properly admitted, not as the measure of damages to be recovered by the plaintiff, but as a circumstance to be considered along with other circumstances in ascertaining them.

On appeal from the First District Court of Jersey City.

Before Justices SWAYZE, VOORHEES and KALISCH.

For the appellants, *George D. Hendrickson.*

For the appellees, *John Francis Gough.*

The opinion of the court was delivered by

KALISCH, J. The defendants, Wells and Foote, appeal from a judgment given against them upon a verdict of a jury in favor of the plaintiff, in the First District Court of Jersey City, in an action for damages instituted by the plaintiff against them and one Treanor.

The state of the case discloses the facts found to have been as follows:

. The plaintiff owned a dwelling-house situated on West Side and Boyd avenues. One Paul Thielke owned the adjoining land. He began erecting a dwelling-house thereon and employed Wells to do the mason work, Foote to do the carpentry and Treanor to do the painting. During the time the structure was being erected, mason's and carpenter's tools, material and debris, were placed upon the roof of plaintiff's dwelling-house by the defendants or their servants. There was no testimony connecting Treanor or any of his servants with the placing of the materials, tools or debris upon the said roof and therefore the court directed an acquittal as against him.

The placing of the materials, tools and debris upon the plaintiff's roof injured it, and the plaintiff was put to the expense of having it replaced by a new one.

Two of the six reasons specified by the appellants for a reversal of the judgment are based upon the refusal of the court to grant a nonsuit or to direct a verdict for the defendant, upon the ground that there was no adequate evidence connecting the defendants or either of them with the alleged trespasses. As to the weight of the evidence it is sufficient to say that this is not reviewable. If there was any evidence from which the jury might have reasonably found that the defendants or their servants placed the materials on the plaintiff's roof, it was a sufficient basis for the denial of the motions. We think there was such evidence.

There was testimony and circumstances from which a jury might reasonably have inferred that part of the materials on the roof came from Well's workmen and part from Foote's workmen. The materials and tools found on the plaintiff's roof were used in connection with the work, which both Wells and Foote were engaged in and prosecuting, and without any explanation how the roof came to be made a receptacle for materials and tools which belonged to their respective trades, forces the irresistible conclusion that they were put there by them or their servants.

Nor do we think that the court erred in refusing to strike out evidence which had been introduced by the plaintiff as to the cost of putting on a new roof.

While it may be conceded that the cost of replacing the damaged roof by a new one was not the true measure of damages to which the plaintiff was entitled, still it was a circumstance properly to be considered by a jury, with all the other evidence and circumstances in determining the compensation the defendant should make for the damages inflicted. Furthermore, the court charged the jury that the evidence was that the roof had been in use for nine years, and that while it had been taken care of, it was manifest that it was not in as good a condition or worth as much, as when new; that they were to find from the evidence what the condition of the roof was at the time when the acts of trespass were committed and determine to what extent it had been damaged by the acts of trespass; that the new roof which had been put on at a cost of $165 was a better roof than had been on at the time the acts of trespass were committed; and that the jury was not to allow for the cost of putting on a new roof, but for the amount of damage which had actually been done; and that the plaintiff was entitled only to compensation for the damage actually occasioned by the trespass.

It becomes, therefore, apparent that the testimony of the cost of the roof, even if it was erroneously admitted, was rendered harmless by what the court said in that regard, under *Bernadsky* v. *Erie Railroad Co. (Court of Errors and Appeals), 47 Vroom* 580. The only other reason assigned for a

reversal relates to a refusal of the court to charge certain requests.

By the state of the case, it appears that the court substantially charged them. The judgment will be affirmed.