## NELLIE E. FINNIE, ADMINISTRATRIX, APPELLANT, v. SARAH E. KELSEY, RESPONDENT.

Argued June 18, 1920—Decided November 15, 1920.

Where the undisputed testimony in the case shows that the holder of a life insurance policy offered to sell his life insurance policy at a time it had no surrender value for the difference between his indebtedness to the company, which issued the policy and the surrender value the policy would have at the end of three years, and the defendant procured the purchase price by the discounting of a promissory note by the policyholder, who received the purchase price from the proceeds of the note; that defendant paid the note and the policyholder then assigned the policy to the defendant; that defendant paid all the subsequent premiums on the policy until the death of the plaintiff's intestate. *Held*, that upon trial of a suit by the person represented to recover the amount of the policy paid to the defendant, a direction in favor of the defendant was right.

On appeal from the Essex County Circuit Court.

For the appellant, *E. A. Merritt*.

For the respondent, *McCarter & English*.

The opinion of the court was delivered by

MINTURN, J. Without calling any witnesses, or submitting any testimony in support of her claim, and depending only upon the admissions of the pleadings, the plaintiff submitted her case. The defendant by her witnesses then proved the

following facts, after which the trial court directed the jury
to find for the defendant. From that direction this appeal is
taken. David T. Finnie was the holder and owner of an
insurance policy on his life, issued by the Equitable Life
Assurance Company for $5,000, upon which Finnie was
indebted to the company in the sum of $120. Finnie applied
to one Herenden to find him a purchaser for the policy, which
at that time had no surrender value, and no loan value.
Herenden found this defendant as a purchaser. Finnie there-
upon agreed with defendant to sell the policy to her for the
difference between the surrender value of $215 at the end of
the third year and the $120 due to the company, in order to
create that surrender value, Finnie thereby to receive $95.
This agreement was reduced to writing and signed by Finnie.
The defendant for the purpose of raising the necessary funds
applied to Herenden, her employer, for the cash. Herenden
arranged it by taking Finnie's note for the amount and dis-
counting it through Herenden's bank, after which Finnie
received his $95, and the insurance company received its
$120, and the policy was thus carried over the danger period.

The defendant afterwards paid Finnie's note when it ma-
tured, and Finnie executed an assignment of the policy to
defendant. Finnie thereafter died and the defendant col-
lected the amount due on the policy, to recover which this
suit is brought.

The plaintiff now insists that the assignment of the policy
was executed only as collateral security for the payment of
the note. There is nothing to evidence that contention, while
the entire volume of the testimony is to the contrary.

The defendant after the assignment to her paid all the
premiums on the policy, as they matured, until Finnie's
death, about two years and nine months after the assign-
ment, and the latter in the interim made no claim upon the
defendant for the policy, and made no attempt to pay or to
tender to her the amount due to her for her advancements.

This factual status presented no question for the jury to
consider, since the material facts were all conceded. What-
ever claim the plaintiff might be able to maintain in equity

upon the contention made here, she presented no debatable issue on the record for a jury to consider. In any event the *onus* of sustaining her case by competent proof concededly was upon the plaintiff, and we are unable to perceive any proof of that character in the case, or any proof which in its logical or legal effect can be said to generate a controversial question. In that situation the learned trial court properly directed a verdict.

Our examination of the contested procedural errors discussed by counsel leads us to conclude that they were properly disposed of by the learned trial court, and that the substantial rights of the plaintiff, under the twenty-seventh section of the New Practice act, upon an examination of the whole case, cannot be said to have been injuriously affected by such disposition.

The judgment therefore will be affirmed.

*For affirmance*—SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, ACKERSON, JJ. 11.

*For reversal*—None.