## DELAWARE, L. & W. R. CO. v. PITTINGER.

(Circuit Court of Appeals, Third Circuit. November 26, 1923.)

No. 3021.

**1. Trial ⬅142—Court may instruct jury as to facts uncontroverted.**

Where the evidence is wholly uncontroverted, the court has the right to instruct the jury as a matter of law as to its conclusion, if the undisputed facts sustain such conclusion, and would not sustain a verdict based on any other conclusion.

**2. Master and servant ⬅302(2)—Rule of "respondeat superior" stated.**

The rule of "respondeat superior," or that the master shall be civilly liable for the tortious acts of his servant, is of universal application, whether the act is one of omission or commission, whether negligent, fraudulent, or deceitful, if the act is done in the course of employment,

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and it makes no difference that the master did not authorize, or even know, of the servant's act or neglect, or even if he disapproved or forbade it; but this doctrine does not extend to cases where the servant acts for himself, under threats against himself, instead of in and about his master's business.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Respondeat Superior.]

3. **False imprisonment** ⬗☞15(3)—**Railroad liable for arrest by detectives.**

A railroad was liable for injuries inflicted by its detectives, when mistakenly arresting an innocent man, instead of men doing or threatening to do injury to railroad property, the mistake amounting to negligence.

4. **Appeal and error** ⬗☞1033(4)—**No complaint of favorable error.**

In an action for assault and battery, defendant cannot complain of error of the court in submitting question of justification for shooting in protection of life or property, when that defense had not been pleaded, since it enured to defendant's benefit.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Action by Albert Pittinger against the Delaware, Lackawanna & Western Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Frederic B. Scott, of New York City, for plaintiff in error.

Horton & Tilt and Frederick W. Van Blarcom, all of Paterson, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Four bandits had been operating in the vicinity of Boonton, New Jersey, robbing freight trains of the defendant railroad company. To stop these depredations, the company specially assigned two detectives with "specific instructions  *  *  *  that  *  *  *  if these four men came to rob a train, or did rob one, to arrest them if they could." Each was instructed "not to use his gun except in defense of life." Pursuant to these instructions the detectives, on the night in question, concealed themselves in a sandhouse near the railroad company's right of way. It so happened that four men, unarmed and in no way shown to be bandits or bent on criminal action, went to a shanty situate about 90 feet from the property of the railroad company to drink a jug of wine. Toward midnight one of the men left the party and the others, desiring to learn where he had gone, came out of the shanty. When they had walked about 10 feet, the detectives threw open the door of the sandhouse and, believing the men to be the bandits for whom they had been sent in search, ordered them to stop and throw up their hands. Being slow to do so, one of the detectives shot his riot gun. The load went into the arm of the plaintiff causing injury which resulted in amputation. Thereupon the detectives arrested the three men.

The plaintiff brought this suit against the defendant railroad company declaring on two causes of action: First, false arrest; and, second, assault and battery by its servants, charging liability under the doctrine of respondeat superior. The plaintiff had a verdict on both

counts for different amounts. The case is here on the defendant's writ of error.

Speaking of the parties as they stood in the trial court, the defendant does not complain of the verdict on the first count. Its assignments of error are addressed solely to the action of the court under the second count and are based on the somewhat conflicting contentions, first, that the court erred in refusing to grant its motion to direct a verdict in its favor on the ground that the defendant's servants were not acting within the scope of their authority; second, that it erred in failing to submit the question of scope of authority to the jury; and, third, in submitting to the jury the question whether the defendant's servants were acting in defense of their lives or of their master's property and were, for this reason, justified in shooting.

There was no dispute about the facts. The learned trial judge, therefore, regarded the question of scope of authority as one of law, evidently under the cases of Keeney v. D., L. & W. R. R. Co., 87 N. J. Law, 505, 94 Atl. 604; Whitehead v. Mock, 87 N. J. Law, 725, 94 Atl. 812; Finnie v. Kelsey, 95 N. J. Law, 163, 112 Atl. 308; Ryle v. Manchester B. & L. Ass'n, 74 N. J. Law, 840, 67 Atl. 87; Vandergrift Construction Co. v. Camden T. & R. Co., 74 N. J. Law, 669, 65 Atl. 986, and instructed the jury as matter of law that the detectives were acting within their authority and that the railroad company, their master, was responsible for their action.

To this instruction the defendant had an exception. The question of the validity of the instruction therefore is properly here.

[1] The question has two aspects: These arise from the fact that the evidence is wholly uncontroverted. Such a record gave the court (under the cases cited above) the right to instruct the jury as matter of law that the detectives were acting within the scope of their authority and that, in consequence, the defendant railroad company, their master, was responsible for their action—if the undisputed facts sustain that conclusion and would not sustain a verdict based on any other conclusion.

[2] The law on the question is familiar. The Supreme Court of the United States, in Philadelphia & Reading Railroad Co. v. Derby, 55 U. S. (14 How.) 468, 486, 14 L. Ed. 502, said:

"The rule of 'respondeat superior,' or that the master shall be civilly liable for the tortious acts of his servant, is of universal application, whether the act be one of omission or commission, whether negligent, fraudulent, or deceitful. If it be done in the course of his employment, the master is liable; and it makes no difference that the master did not authorize, or even know of the servant's act or neglect, or even if he disapproved or forbade it, he is equally liable, if the act be done in the course of his servant's employment."

To the same effect the Court of Errors and Appeals of New Jersey expressed itself in Klitch v. Betts, 89 N. J. Law, 348, 98 Atl. 427:

"The general rule is a very clear one, that the master is liable for any act of his servant done within the scope of his employment, and if a servant is acting in the execution of his master's orders, and by his negligence causes injury to a third party, the master will be responsible, although the servant's act was not necessary for the proper performance of his duty to his master

or was even contrary to his master's orders. McCann v. Consolidated Traction Co., 59 N. J. Law, 481, 487.

"The application of the rule respondeat superior does not depend upon the obedience of the servant to his master's orders, nor upon the legality of the servant's conduct; where a servant is acting within the scope of his employment, and in so acting does something negligent or wrongful, the employer is liable, even though the acts done may be the very reverse of that which the servant was actually directed to do. Driscoll v. Carlin, 50 N. J. Law, 28, 30."

See Letts v. Hoboken Co., 70 N. J. Law, 358, 57 Atl. 392; Bernadsky v. Erie Railroad Co., 76 N. J. Law, 580, 70 Atl. 189; Dierkes v. Hauxhurst Land Co., 80 N. J. Law, 369, 79 Atl. 361, 34 L. R. A. (N. S.) 693; West Jersey & Seashore R. R. Co. v. Welsh, 62 N. J. Law, 655, 42 Atl. 736, 72 Am. St. Rep. 659.

The doctrine does not extend to cases where a servant acts for himself under threats against himself instead of in and about his master's business. Holler v. Ross, 68 N. J. Law, 324, 53 Atl. 472, 59 L. R. A. 943, 96 Am. St. Rep. 546.

[3] In applying this law to what happened in this case, it appears that under circumstances that were delusive the detectives, in the performance of a duty to which they had been specially assigned for the protection of their master's property, made an arrest in the course of which they inflicted the injury complained of. In doing so they arrested and inflicted injury upon an innocent man instead of upon men doing or threatening to do injury to their master's property. In plain words, they made a mistake. But the mistake was made in the performance of the authority to protect property which their master had conferred upon them. Their mistake amounted to negligence and for their negligence, when thus occurring in the performance of their duty, the master is responsible. We think no other conclusion can be reached from the evidence. Therefore the learned trial judge committed no error in announcing it as matter of law.

The defendant, however, complains not only of this ruling, which arose from his motion for a directed verdict and is here on a proper exception, but to the court's refusal to submit the same question to the jury. Although pleaded as a defense, the defendant did not present a point or prayer for its submission, nor was there evidence introduced by the defendant on which there could validly be raised a question of scope of authority for the jury to consider. On this question its testimony was in harmony with—indeed it strengthened—the testimony for the plaintiff. Moreover, we find that this alleged error is before the court neither on an assignment of error nor by an exception on which a valid assignment can be based. But aside from this, we are of opinion that the very matter which, as we have found, sustains the validity of the court's instruction with reference to the scope of authority of the defendant's agents makes the submission of this question to the jury improper.

[4] The concluding assignment charges error to the court in submitting the question of justification for shooting in protection of life or property when that defense had not been pleaded. This, in our judgment, was not error. If error, it certainly was not prejudicial.

The submission of this defense, though not raised by the pleading, enured to the defendant's benefit, for without it the defendant would have had nothing on which to go to the jury.

The judgment below is affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes