## STATE *v.* HARPER.

From the rule, that in indictments upon *statutes* it is safe to use the very *words* of the statute, are to be excepted cases in which a statute (in enumerating offences, charging intent, &c.) uses the disjunctive *or.* In some such cases *and* is to be substituted for *or:* in others, doubts as

to the proper terms are to be met by using several *counts;* and *or* is never used, unless in the statute it means *to-wit,* or is surplusage: *Therefore,*

An indictment for larceny, which charges the thing taken, to be the property of J. R. D. "*and another or others,*" (in the words of Rev. Code, c. 35, s. 19) is fatally defective, and no judgment can be given thereupon.

(*State* v. *Haney,* 2 D. & B. 390, cited and approved.)

LARCENY, tried before *Thomas, J.,* at Fall Term 1869 of GREENE Court.

The prisoner was convicted. His counsel thereupon moved to arrest judgment, because the indictment charged the property in the thing stolen, to be in "John R. Dail and another, or others." This motion was refused, and the defendant appealed.

*No Counsel* for the appellant.
*Attorney-General, contra.*

SETTLE, J. "In any indictment wherein it shall be necessary to state the ownership of any property whatsoever, whether real or personal, which shall belong to, or be in the possession of more than one person, whether such persons be partners in trade, joint-tenants, or tenants in common, it shall be sufficient to name one of such persons, and state such property to belong to the person so named, and another, or others, as the case may be." *Rev. Code, ch. 35, sec.* 19.

Before the passage of this Act, which is a copy of 7 *Geo.* 4 *ch.* 64, *sec.* 14, it was necessary, where the goods stolen were the property of several persons, to name all the partners or joint-owners correctly in the indictment. A failure to do so would have been fatal. How far has this Act changed or modified the common law?

It creates no new offence, but only relaxes to a certain extent, that degree of certainty and particularity heretofore required, in charging the ownership of stolen property.

As a general rule, it is sufficient in framing an indictment upon a statute, to use the very words of the statute, but this rule is not without exception, for where a statute, in enumerating offences, charging intent, &c., uses the disjunctive *or*, it is common to insert the conjunctive *and* in its stead, in the bill of indictment, for alternative or disjunctive allegations make the bill bad for uncertainty.

True, cases may be found where *or* has been used in the sense of *to-wit*, and hence there was no objection; and in others it has been rejected as surplusage, but these cases are rare and form the exception, not the rule.

Sometimes it will not do to use either. In *State* v. *Haney*, 2 D. & B. 390, which was an indictment for stealing a slave, one of the exceptions was, that the indictment did not set forth the offence as described by the statute; it charging the seduction to be, "with an intention to sell, dispose of and convert to their own use," whereas the words of the statute were, "with an intention to sell or dispose of to another, or appropriate to his own use." The court say, "had the count pursued the words of the statute, *with intention to sell, dispose of to another, or appropriate to their own use*, it would have been bad, because of uncertainty. Had it varied from them by changing *or* into *and*, and charged an intention to sell, dispose of to another, *and* appropriate to their own use, we apprehend that it would have been bad, because of repugnancy."

The property in stolen goods must be averred to be in the right owner, if known, or if not, in some person or persons un known; and if it appear that the owner of the goods is another and a different person from the person named as such in the indictment, the variance will be fatal. A variance or omission in the name of the person injured, is more serious than a variance in the name of the defendant, the one furnishing good ground for acquittal, if the variance occurs on the trial, or for arresting the judgment when the error appears on the record, while the other can only be

taken advantage of by plea in abatement. *Whart. Cr. Law,* Sec. 256.

The defendant is charged with stealing one peck of corn, " of the goods and chattels of one John R. Dail and another, or others."

Here we have alternative allegations, in the same count, as to the ownership of the stolen property. It is common to insert several counts in order to meet the different views which may be presented by the evidence, but alternative allegations in the same count make it bad for uncertainty.

Mr. Archbold, in his work on Criminal Pleading, page 177, calls attention to the words " another, or others," in the statute of 7 *Geo.* 4, and says, " if the property be described as belonging to ' A,' and another, there being more partners than one, or *vice versa,* the variance will be fatal."

The words " as the case may be " are also important, showing that it must be laid according to the truth of the matter, but not both ways, for then either the one or the other allegation must be false.

This is a matter of substance, and not an informality or refinement which is cured by our statute.

The Judgment must be arrested.

PER CURIAM.                                    Reversed.