STATE *v.* WILLIAM CAPPS.

Where property is charged in an indictment for larceny as belonging to A and another and it is proved on the trial to be the property of A and B, a firm well known in the community, the apparent variance is cured by the Act of Assembly, Bat. Rev. chap. 33, sec. 65.

When written orders are introduced on a trial as corroborating evidence, such orders need not be proved, and it makes no difference whether the witness speaking of them, and for whose benefit the orders were drawn, could read and write or not.

(*State* v. *Harper*, 64 N. C. Rep. 129, cited and commented on.)

INDICTMENT for larceny, with a count for receiving stolen goods, tried before his Honor, *Judge Logan*, at the Spring Term, 1874, of the Superior Court of MECKLENBURG county.

The defendant was indicted with two others (not on trial) for stealing ten kegs of gunpowder from W. W. Grier and another, and in another count for receiving ten kegs of gunpowder, the property of W. W. Grier and another, knowing the same to have been stolen.

For the State, one Tom Caldwell swore that he was with the defendant, aiding and assisting him, when he stole the powder, and that he, the defendant, was to give him one dollar *per* keg for his assistance. The defendant paid him in cash five dollars, and gave him an order on the store of Elias & Cohen for a pair of boots in payment of the remainder. Defendant objected to the speaking of this order without it was produced. One Bethune, a clerk in the store of Elias & Cohen, swore that he did have an order from the defendant for a pair of boots to Tom Caldwell, but that he had either lost or mislaid it, as he could not find it in the place or on the file, where such orders were usually kept. Defendant again objected, insisting that the loss of the paper was not sufficiently proved. The State then examined the magistrate before whom the preliminary investigation took place, who stated that the order for the boots was produced before him and duly proved. Defendant objected to this evidence, and the Court ruled that the objection was well taken. In the argument the Solicitor spoke of this order being duly proved, when it was objected by defendant. His Honor did not interfere with the comments of the Solicitor nor with the reading of the order.

It was further in evidence that one Henry Caldwell purchased of the defendant a keg of powder, of the brand and mark described by the owner of that alleged to be stolen. That the defendant gave him an order on one Turner for the powder. The speaking of this order being objected to, a paper was shown to the witness, who being unable to read, could not identify it. A witness was called who swore that the writing of the paper resembled the defendant's, but that he could not say for certain that it was. No further evidence was offered on this point, and the paper was not given to the jury as evi-

dence, but was read by the prosecuting officer and commented on as the order of defendant. To this argument the defendant objected, asking the Court to stop it, but his Honor declined.

The State having sworn and tendered several witnesses, the defendant asked leave to cross examine them. This was refused, the Court holding that by the examination of such witnesses the defendant made them his own.

The jury returned a verdict of guilty. Rule for a new trial granted. Argued and discharged. Defendant then moved to arrest the judgment, for that the property was alleged to be Grier's and another, when the evidence showed that it belonged to Grier & Alexander, a firm well known to the grand jury. Motion refused, and appeal by defendant.

No counsel in this Court for defendant.
*Attorney General Hargrove* and *Barringer* for the State.

SETTLE, J. The defendant insists that the order in favor of Tom Caldwell on Elias & Cohen, for a pair of boots; and also the order on Turner, in favor of Henry Caldwell, for a keg of powder, not having been duly proved, should not have been spoken of on the trial, nor commented upon by the Solicitor in his argument to the jury.

It would seem that the defendant sought to divert the attention of the jury from the real issue, to wit: his guilt or innocence of the charge in the indictment, and to make the issue upon the probate of these two orders, when they were offered only as corroborating circumstances to support the witnesses.

It makes no difference, in this point of view, whether the orders were proved, or whether the witnesses could read or not; the fact that the witnesses had certain papers upon which one obtained a pair of boots and the other a keg of powder was offered, as a corroborating circumstance, to the jury for what it was worth, and was a legitimate subject of comment by the Solicitor.

The defendant moved in arrest of judgment, for that the

indictment charged that the powder was the property of " Grier and another," whereas the proof showed it to be the property of Grier & Alexander, a firm doing business in Charlotte, and well known to the grand jury, and to the draftsman of the bill.  Our attention was called upon the argument to the case of the *State* v. *Harper*, 64 N. C., 129, where it is said that " the property in stolen goods must be averred to be in the right owner, if known, or if not, in some person or persons unknown ; and if it appear that the owner of the goods is another and a different person from the person named as such in the indictment, the variance will be fatal."

Undoubtedly such was the rule at common law, but the objection is met, in words and spirit, by our statute, which enacts " in any indictment wherein it shall be necessary to state the ownership of any property whatsoever, whether real or personal, which shall belong to or be in the possession of more than one person, whether such persons be partners in trade, joint tenants, or tenants in common, it shall be sufficient to name one of such persons, and state such property to belong to the person so named, and another, or others, as the case may be ; and whenever in any such indictment it shall be necessary to mention, for any purpose whatsoever, any partners, joint tenants, or tenants in common, it shall be sufficient to describe them in the manner aforesaid, and this provision shall extend to all joint stock companies and trustees."  Bat. Rev. ch. 33, sec. 65.

Let it be certified that there is no error.

. PER CURIAM.                    Judgment affirmed.