No. 11,417.

## FORKNER v. THE STATE.

INTOXICATING LIQUOR.—*Bartering Liquor with Minor for Pool Check.—Presumption of Value.*—An affidavit charging the defendant with bartering one pint of intoxicating liquor to a minor for a pool check is sufficient without alleging either the value of such check or that it was an article of value.

From the Wayne Circuit Court.

*T. W. Bennett,* for appellant.

*F. T. Hord,* Attorney General, *C. E. Shively,* Prosecuting Attorney, and *W. B. Hord,* for the State.

NIBLACK, J.—This was a prosecution under section 2094, R. S. 1881, for bartering intoxicating liquor to a minor, and was based upon an affidavit made before, and filed with, the mayor of the city of Richmond.

The affidavit charged that George A. Forkner, the appellant, on the 6th day of October, 1883, at the county of Wayne, in this State, unlawfully bartered to one William F. Bishop, a person under the age of twenty-one years, for a certain pool check, intoxicating liquor in a less quantity than a quart, that is to say, one pint of beer.

Upon an appeal to the circuit court, a motion to quash the affidavit was overruled, and a trial resulted in a verdict of guilty, and in the assessment of a fine of $20 against the appellant. A motion for a new trial, challenging the sufficiency of the evidence, was denied, and judgment rendered on the verdict.

It is first insisted that the affidavit was fatally defective, because of its failure to aver the value of the pool check, or that it was an article of value.

The exchange of one article for another is a barter, but the question of price does not necessarily enter into the transaction, and in that respect a barter differs from a sale.

It is true, as contended, that the act of transferring a com-

modity without a valuable consideration constitutes a gift only, and hence neither a sale nor a barter. Story Sales, 1; Benj. Sales, 2. But the exchange of one article for another imports a consideration, and the burden of establishing that there was no consideration devolves upon him who asserts that there was not; consequently, the charge in this case that the appellant bartered a pint of beer to the prosecuting witness for a certain pool check carried with it the inference that the pool check had some value, either general or special, and cast the burden of showing the contrary upon the appellant. Such an attempted showing on his part would have been the equivalent simply of an assertion that there had been no such barter as that charged. We are, therefore, unable to see any objection to the sufficiency of the affidavit.

It is insisted in the next place that there was no evidence tending to prove that Bishop, the prosecuting witness, was under twenty-one years of age, but we do not so construe the evidence.

Owing to some abbreviations in the bill of exceptions there is some obscurity in the testimony of Bishop as to his age, but we infer from the reported synopsis of his testimony that he meant to say, and was understood as saying, that he was between sixteen and seventeen years old at the time of the trial.

Two other witnesses, who had seen Bishop previous to the trial, gave it as their opinion that his age did not exceed eighteen years. There was other evidence tending to show that he was in appearance over twenty-one years of age. The probable age of the prosecuting witness became in this way a question for the jury, and the record presents nothing from which we can infer that the verdict in respect to that question was not sustained by sufficient evidence.

The judgment is affirmed, with costs.

Filed May 15, 1884.