# Duke *v.* The State.

*Selling Liquor Without License.*

(Decided May 9, 1906. 41 So. Rep. 170.)

1. *Intoxicating Liquors; Sale; Evidence.*—Evidence that defendant sold liquor, receiving in payment therefor two metal commissary checks, good for 50 cents each at the company commissary store, is competent, and sufficient to constitute a sale.

2. *Criminal Law; Argument of Counsel.*—Where there is no evidence as to who was the informant, it was improper for counsel to allude to the fact that the statute gave the informant half the fine, and that the jury must consider this when weighing the testimony of B., a witness, and objection to it was properly sustained.

[Duke v. The State.]

APPEAL from Clarke Circuit Court.
Heard before HON. JOHN T. LACKLAND.

The defendant was indicted and convicted for selling liquor without license in Clarke county. The facts upon which the opinion is predicated and the exceptions to the evidence are sufficiently stated in the opinion.

DAVIS & DAVIS, for appellant.—The court should have excluded the evidence descriptive of the checks, as the checks themselves were the best evidence of what they were like. All the evidence relative to the metal checks should have been excluded: 1st. Because it was shown that they were non-transferable and of no value to the defendant and hence, there was no sale and they could not represent money; 2n'd, there was no evidence that these checks were taken to represent money or that they were used as a substitute to cover up the real transaction.—*Williams v. The State,* 91 Ala. 14. The defendant being indicted for selling, could not·be convicted of bartering or exchanging.—Authorities supra. The word sell as used in our penal statute, cannot be construed to include gift, exchange or barter. It has a precise legal meaning.—24 Am. & Eng. Ency. of Law, 242; *Cooper v. State,* 37 Ark. 418. The mere fact that they were of value does not suffice to make the transaction a sale. It must affirmatively appear that the transaction was measured in money terms.—*Coker v. State,* 91 Ala. 92.

On the above authorities, the charges requested by the defendant should have been given.

MASSEY WILSON, Attorney General, for the State.— Under the facts of this case, which were properly admitted, the transaction constituted a sale though made with metal checks.—*Roberson v. The State,* 100 Ala. 37. The holder of the check could have instituted a suit to recover the value of the check in money had he presented the same and payment have been refused.—*Nelson v. The State,* 82 Ala. 44. There were four names upon the indictment as witnesses and from aught that appears any one of them may have been the informant as well as Ben-

son. This is true although Benson was the only witness for the state and John and Dave Buckalew testified for the defendant and Clark was not accounted for.—*Pitts v. The State,* 140 Ala. 70. It does not appear from the record in this case that the argument objected to by the solicitor was excluded from the jury.—*Stone v. State,* 105 Ala. 60.

SIMPSON, J.—The defendant in this case was convicted of the offense of selling spirituous liquor "without a license and contrary to law, within the limits of Clarke county, Alabama." The evidence on the part of the state tended to show that the whisky, which it is claimed was sold by the defendant, was paid for by "two metal checks" which had been issued by the "Scotch Lumber Company," which company issued these checks each day to their employes, on each of which check there was stamped an amount, such as "25 cts.," "50 cts.," that said checks were good for the amount stamped thereon at said company's commissary store, and that on the 21st day of each month said checks could be taken to the office of said company, where they would be redeemed in money. The checks in question were of the denomination of 50 cents each.

The first question which presents itself is whether or not the transaction described constitutes a sale of the liquor, within the meaning of the statute, and as charged in the indictment. Generally speaking, a sale is defined as "a transfer of property from one person to another in consideration of a price to be paid in current money." —25 Am. & Eng. Ency. Law, 284. In an early case this court drew the distinction between a sale and an exchange or barter of articles of personal property, to the effect that, if parties exchange one article for another, the price or value not being measured in money terms, the transaction is an exchange or barter and not a sale, but "sales include all agreements by which property is parted with for a valuable consideration, whether there be a money payment or not, provided the bargain be made and the value measured in money terms."—*Gunter v. Leckey,* 30 Ala. 591, 596. This distinction is quoted

with approval in a later case (*Coker v. State*, 91 Ala. 92, 94, 8 South. 874), and is based upon abundant authority.

In the present case the character of the checks, as explained in the evidence, shows that such checks represented a certain money value. Consequently the price of the whisky was "measured in money terms," and the transaction was a sale. While it is true, as suggested by counsel for defendant, that the witness for the state did, on cross-examination, use the expression that these checks were "not transferable," yet we cannot say that they were worthless, as the witness testified that "any one holding said checks could take them to said office and get the money on them." They were evidently taken as of the money value stamped on them. Consequently there was no error in the action of the court in refusing to exclude the evidence from the jury. The remarks by counsel for the defendant, in argument, to the effect that the special act of this county "entitled the informant in such cases to half the fine imposed on the defendant, is a fact to consider in determining the credibility of the witness Benson," was improper, and the objection thereto was properly sustained. There was no evidence before the jury that Benson was the informer.

There being no error in the record, the judgment of the court is affirmed.

Affirmed.

WEAKLEY, C. J., and TYSON and ANDERSON, JJ., concur.