# Cox Hat Co. *v.* Adams, *et al.*

### Assumpsit.

(Deceided November 9, 1915. Rehearing denied December 8, 1915. 70 South. 203.)

1. **Sales; Transfer; Title; Payment; Check.**—Where the seller of goods accepted the buyer's check in payment of the price, the title passed.

2. **Same; Transaction; Jury Question.**—Under the evidence in this case it was a question for the jury whether defendant sold the goods as agent for the claimant of the proceeds or as though the goods were his own property.

3. **Appeal and Error; Review; Record; Verity.**—Where no motion was made to strike portions of the record, no question as to its verity will be presented on appeal.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by the Cox Hat Company against W. N. Adams, in which garnishment was levied on Lon H. Goodwin, who answered, suggested that Charges McNaron claimed the money in his hands. From a judgment for claimant, plaintiff appeals. Reversed and remanded.

It appears from the evidence that Adams took the eggs, carried them to Birmingham and sold them to Goodwin, the contention of plaintiff being that he purchased the eggs from McNaron, paying him therefor 19½ cents per dozen, the amount being about 700 dozen. The contention of claimant was that he turned the eggs over to Adams to sell for him, fixing a price of 19½ cents, Adams to get anything over and above that amount, and that when the eggs were sold they were his eggs and not Adams'. At the conclusion of the evidence the court directed a verdict for claimant.

McCORD & ORR, for appellant. STREET, ISBELL & BRADFORD, for appellee.

[Cox Hat Co. v. Adams, et al.]

BROWN, J.—The evidence adduced by the plaintiff shows that the Garnishee purchased from the defendant 700 dozen eggs at 20 cents per dozen; and after the eggs were delivered, and before the price thereof was paid, he was garnished, and thereafter the appellee claimed the debt.

The contention of the appellee is that the defendant, in making the sale, was the agent of the appellee; but his own evidence shows that the price the appellee (claimant) was to receive from the defendant for the eggs was agreed upon at 19½ cents per dozen, and that when the eggs were delivered to the defendant he gave his check to the claimant for the purchase price, on Hooper's Bank; and the evidence tends to show that the eggs were sold to the garnishee by Adams, the judgment defendant, as though they were his property; and it further shows that he expressed some apprehension that the eggs might be attached before the delivery to the garnishee could be completed.

(1) This evidence was sufficient to afford an inference to be drawn by the jury that McNaron sold the eggs to Adams and accepted his check on the bank in payment of the purchase money; and, if so, the title passed.—*Brandon Printing Co. v. Bostick*, 126 Ala. 247, 28 South. 705; *Francis-Chenoweth Hardware Co. v. Gray*, 104 Ala. 236, 15 South. 911, 53 Am. St. Rep. 37; *Foley v. Felrath*, 98 Ala. 176, 13 South. 485, 39 Am. St. Rep. 39; *McFadden & Bro. v. Henderson, et al.*, 128 Ala. 221, 29 South. 640; *Warten v. Strane*, 82 Ala. 311, 8 South. 231; *Duke v. State*, 146 Ala. 138, 41 South. 170.

(2) The evidence afforded conflicting inferences as to the character of the transaction, and the affirmative charge should have been refused and the case sent to the jury.

(3) Some argument is made here in support of motion to strike portions of the record, but as no such motion seems to have been made, no question is here presented as to the verity of the record.

For the error in giving the affirmative charge for the claimant, the judgment is reversed and the cause remanded.

Reversed and remanded.