## PRICE v. UNITED STATES.

(District Court, E. D. Louisiana, New Orleans Division. November 30, 1925.)

No. 18098.

1. Master and servant ⊜⟾302(1).

Employee cannot render his master liable, except as to acts done within scope of employment.

2. Shipping ⊜⟾82—Owner not liable for injuries received by person on board ship, collecting clothes, during altercation with member of crew.

Where libelant was on board ship for purpose of collecting and delivering clothes of members of crew, owner was not liable for injuries sustained during altercation with member of ship's crew, not charged with duty of policing vessel.

In Admiralty. Libel by Lee R. Price against the United States. Libel dismissed.

Edwin H. Grace and Wm. A. Porteous, Jr., both of New Orleans, La., for libelant.

Harry F. Stiles, Jr., and Terriberry, Rice & Young, all of New Orleans, La., for exceptor.

DAWKINS, District Judge. Libelant sues in admiralty for damages alleged to have been caused by injuries received while upon the boat of respondent. He alleges that he is in the business of cleaning and pressing clothing, and that, with the permission or consent of the master, he had been for a long time allowed to go upon the ship, Jeff Davis, owned and operated by the respondent, for the purpose of receiving and delivering the wearing apparel, etc., of the crew of said ship, to be cleaned, pressed, and returned. The facts and circumstances surrounding his injury are alleged as follows:

"Fourth. That on the morning of May 25, 1925, while the said steamship Jeff Davis was lying fully afloat on the Mississippi river at the docks in the harbor of New Orleans, libelant proceeded to said vessel in the aforesaid usual course of his business, and, just as he had done on former occasions, advised the commanding officer of the said steamship that he desired to go on board to ascertain if there were any orders for him, or work to be done by him for the said ship's officers and crew, and, the requested permission having been granted, and libelant believing, as he had a right to believe, that the officers and crew of said vessel would do him no harm, and that, on the contrary, the officers and crew of said vessel owed to him a fair measure of protection against bodily harm, did proceed on board of said vessel, and in a quiet, orderly manner did obtain several orders from those in the service of said vessel, all in line with the custom he had followed for a long period of time, particularly with respect to the said named vessel, as well as with that of other vessels; and, under all the circumstances, libelant respectfully submits that he was entitled to just, fair treatment, and to the protection of the officers and crew of said vessel, and of each one of them against bodily harm.

"Fifth. Libelant further avers that on the morning of said May 25, 1925, and while on board of said steamship Jeff Davis, as in and for the purpose in said preceding fourth article mentioned, and while conducting himself in a quiet, orderly manner, he was approached by one of the crew of the said named vessel, an able-bodied seaman, known to your libelant by the name of Davis, but whose full name is unknown to libelant. That the said Davis charged libelant with making loud noise, but which noise was made in the operation of steam winches aboard, handling cargo, for which libelant was in no way responsible, so libelant advised said seaman that he had not made any of the noise complained of, but said Davis, in gross disregard of his own obligation as a member of the crew of said ship to afford libelant every fair reasonable protection against bodily injury, did set upon and beat libelant about the body and face, threw libelant across the deck, and did administer a most severe beating and bruising, during which time he caus-

ed libelant to fall against a steam pipe by which libelant was severely injured, during which time, and as a result of said mistreatment, two of libelant's ribs were broken."

Respondent excepted to the bill on the ground that it disclosed no cause of action, for the reason that it shows Price to have been a mere licensee, as to whom respondent owed no duty except to refrain from willfully injuring him; and, secondly, that the alleged acts of the seaman were without the scope of the latter's employment, and for which respondent was not responsible.

[1, 2] Of course, if the latter contention is true, it makes little difference whether the libelant was a licensee or invitee, so long as he was not a passenger, for the agent or employee could not render his master liable, except as to acts done within the scope of his employment. I think the petition discloses clearly that the visits of the libelant upon the ship were for the personal benefit of himself and that of his customers, the crew of the vessel, as distinguished from any matter of service connected with the operation of respondent's business. The circumstance that the crew lived upon the ship, and to render this personal service made it necessary for libelant to go upon it for the purpose of obtaining their clothing, did not make the transaction one involving any concern of the owner of the vessel. It is not alleged that the person with whom the difficulty was had was in any wise charged with the duty of policing the ship. Freeman v. United Fruit Co., 111 N. E. 789, 223 Mass. 300; Philadelphia & Reading R. Co. v. Derby, 14 How. 468, 14 L. Ed. 502–509; N. O. M. & C. Ry. Co. v. Hanning, 82 U. S. (15 Wall.) 649, 21 L. Ed. 223; In re Cahill, Fed. Cas. No. 11,-735; C., St. P., M. & O. Ry. Co. v. Bryant, 65 F. 969–976, 13 C. C. A. 249; St. L. & S. W. Ry. Co. v. Harvey, 144 F. 806, 75 C. C. A. 536; Del. L. & W. R. Co. v. Pittinger (C. C. A.) 293 F. 853–855.

For the reasons assigned, the exception is sustained, and the bill dismissed.