ESSEX COUNTY COURT OF SPECIAL SESSIONS.

STATE OF NEW JERSEY, RESPONDENT, v. JESSIE JEF-
FERSON, DEFENDANT-APPELLANT.

Decided November 28, 1941.

For the defendant-appellant, *Sanford Silverman.*

For the State of New Jersey, *Emanuel Millman.*

FLANNAGAN, J.   This is a trial *de novo* of an issue based
on a complaint made originally in the Family Court of the
City of Newark before a magistrate of the city.   The trial
*de novo* is by virtue of an appeal from his decision under
chapter 54, laws of 1941, *R. S. Cum. Supp.* 2:206-11; *N. J.
S. A.* 2:206-11.   This is not a review of the proceedings
before the magistrate, but a trial *de novo* upon the pleadings,
which are thus open to attack in this court.

A motion is now made preliminary to the trial *de novo* to
strike the complaint as failing to charge any offense on its
face.   The proceedings in the Family Court were brought
under the portion of the Disorderly Persons Act (*R. S.*
2:202-16) which provides, *inter alia,* that any person engaged
in an illegal occupation or who bears a bad reputation and
consorts for an unlawful purpose with criminals or persons

who bear a bad reputation shall be adjudged a disorderly person.

The complaint alleges that the said Jessie Jefferson then and there being a criminal *and/or* having a bad reputation did consort with criminals and persons having a bad reputation, to wit: Marjorie Morrell (and others, naming them) for an unlawful purpose in violation of *R. S.* 1937, 2:202-16; *N. J. S. A.* 2:202-16, of an act concerning disorderly persons, &c.

The objection made to the complaint is that it is in the "conjunctive-disjunctive form." The use of the "fractional form of expression" in pleadings has been emphatically condemned by our Court of Errors and Appeals. *Fisher* v. *Healey's Special Tours, Inc.,* 121 *N. J. L.* 198; 1 *Atl. Rep.* (*2d*) 848. In that case the court says:

"But the expression 'and/or' while much in vogue of recent years in commercial circles and even in certain acts of the legislature has never been accredited in this state as good pleading or proper to form part of a judgment record; and has been severely criticised by many courts of high standing. (Citing many cases.) It seems odd that as early as 1855 an English court dealt with the matter. *Cuthbert* v. *Cumming,* 10 *Exch.* 807. In this state, our Supreme Court in 1934 was constrained to set aside a conviction under chapter 280 of *Pamph. L.* 1933, an amendment of the Disorderly Persons Act, because of the conjunctive-disjunctive definition of the offense. *Montella* v. *State* (not reported, No. 232, January term, 1934). See, also, *Harcher* v. *Hurley,* 116 *N. J. L.* 18 (at *pp.* 20, 21). We concur in the disapproval of the expression by the courts of our sister states, and take this opportunity of registering that concurrence for the benefit of the bar." (Page 199.)

In the unreported case in the Supreme Court in which Mr. Justices Case, Bodine and Donges sat, to which reference is made in the above quoted opinion of Mr. Justice Parker, the following was the language of the court, Mr. Justice Bodine writing the opinion:

"The prosecutors were convicted in a summary proceeding for a violation of chapter 280 of the laws of 1933. The statute

is an amendment of the Disorderly Persons Act. The legislature unfortunately used the inexact phrase 'and/or' between the various clauses of offenses denounced by the act. We cannot say that they meant either the conjunctive 'and' or the disjunctive 'or' to prevail. Since they used both, we can only observe that they meant both. That is, the offense condemned is either doing all the things specified or only some of them. This leads to an uncertainty as to the precise nature of the offense. It may be one or the other thing. If the legislature meant the conjunctive to prevail the prosecutors were properly convicted. Since they used the conjunctive, we must give due weight to their language. The statute may not be reframed by the court. If they desired the 'or' to prevail they need not have used the 'and.' The convictions cannot be upheld in the face of the uncertainty as to the offense condemned. The legislature is charged with a duty to define offenses. They can do so in language which is definite and certain. So much has been written concerning this illusive phrase 'and/or' and its applicability to the language of a statute that no more need be said.

"Courts may not impute one meaning or the other to legislative acts. The statute, since it provides that the offense may be one thing or another, leaves to the court the settlement of what offense was intended. This the court may not do when the legislature has expressed itself in this vague and illusive manner by saying that either of two things may be the offense intended. The court may not choose a meaning in order to deprive the citizen of his liberty.

"The convictions are set aside."

The complaint in the instant case, as phrased, does not with sufficient certainty apprise the defendant of what he is charged, and in case of a conviction of guilty as charged does not with sufficient certainty establish of what he is convicted.

It is argued that the allegation that the defendant was a "criminal" is surplusage, but I do not entertain this view; having been alleged in the charge, it must be proven. *State* v. *London*, 1 *N. J. Mis. R.* 89.

It was suggested that the complaint may be amended in this court, but I do not find any authority to do so in the

statute, chapter 54, laws 1941, under which this appeal is brought. In the "statement" appended to this act the following is found, "This act provides the same relief in disorderly cases as is granted in motor vehicle cases," and such it would thus seem was the purpose of the draftsman, but the important and broad provisions for amendment in the appellate court on the trial *de novo* found in the statute governing appeals in motor vehicle cases, *R. S.* 39:5-11; *N. J. S. A.* 39:5-11, are, notwithstanding the words above quoted from the "statement," entirely omitted from this act.

It is unfortunate if convictions which may be just have to fail on technical grounds. In this connection the remarks by Mr. Justice Swayze, quoted by the Supreme Court in *State* v. *Weber,* 127 *N. J. L.* 274 (at *p.* 278); 22 *Atl. Rep.* (*2d*) 191, are pertinent: "Desirable as it is to punish crime, it is still more important to administer justice according to law; when that is once abandoned, we are adrift without chart or compass."

The complaint will be stricken.