**UNITED STATES v. DEDOF.**

**SAME v. DEDOF et al.**

**Nos. 8734, 8735.**

District Court, E. D. Pennsylvania.

Dec. 3, 1941.

Gerald A. Gleeson, U. S. Atty., and James P. McCormick, Asst. U. S. Atty., both of Philadelphia, Pa., for plaintiff.

William A. Gray, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

Defendants move to quash on the ground that the bills of indictments do not set forth indictable offenses under the laws of the United States.

The defendants were indicted under Section 4 of the so-called Hatch Act, Act of August 2, 1939, c. 410, 53 Stat. 1147, providing as follows, 18 U.S.C.A. § 61c: "Except as may be required by the provisions of subsection (b), section 61h of this subchapter, it shall be unlawful for any person to deprive, attempt to deprive, or threaten to deprive, by any means, any person of any employment, position, work, compensation, or other benefit provided for or made possible by any Act of Congress appropriating funds for work relief or relief purposes, on account of race, creed, color, or any political activity, support of, or opposition to any candidate or any political party in any election."

The indictments in question charge that the defendants knowingly, wilfully and unlawfully threatened to deprive certain named persons of compensation or benefits provided for by an Act of Congress which appropriated funds for relief purposes, on account of the threatened persons' "support of or opposition to a political party" at an election involving federal offices.

Defendants contend that the indictments charge offenses in the disjunctive and are therefore defective.

The offense charged in the indictments was not known at common law and, being a statutory crime, the indictment must follow the statute creating the offense.

The general rule is that the exact language of a criminal statute may be suf-

**58**

ficient to charge an offense "if such language is, according to the natural import of the words, fully descriptive of the offense". United States v. Lewis, 7 Cir., 110 F.2d 460, 462. See also Galatas v. United States, 8 Cir., 80 F.2d 15, 18.

■ It is equally well settled, as was stated in Boykin v. United States, 5 Cir., 11 F.2d 484, 485, that: "Where a statute is general, it is not sufficient merely to follow its language in an indictment, but the indictment must allege the specific offense coming under the general description of the statute, in order that the accused may enjoy the right, secured by the Sixth Amendment, 'to be informed of the nature and cause of the accusation' against him."

Pleading in the disjunctive or alternative makes an indictment defective.

■ The rule is stated as follows in Corpus Juris (31 C.J. 663, sec. 181(3): "The general rule is well settled that an indictment on information must not charge a party disjunctively or alternatively in such manner as to leave it uncertain what is relied on as the accusation against him * * *. As a general rule, where a statute specifies several means or ways in which an offense may be committed in the alternative, it is bad pleading to allege such means or ways in the alternative * * *."

In United States v. Clarke, 20 Wall. 92, 104, 87 U.S. 92, 22 L.Ed. 320, page 322, the Supreme Court said: "It may be conceded that an indictment or a criminal information which charges the person accused, in the disjunctive, with being guilty of one or of another of several offenses, would be destitute of the necessary certainty, and would be wholly insufficient. It would be so for two reasons. It would not give the accused definite notice of the offense charged, and thus enable him to defend himself, and neither a conviction nor an acquittal could be pleaded in bar to a subsequent prosecution for one of the several offenses."

See, also, Ackley v. United States, 8 Cir., 200 F. 217, 221: " * * * if the statute denounces several things as a crime, the different things thus enumerated in the statute being connected by the disjunctive 'or,' the pleader must connect them by the conjunctive 'and' before evidence can be admitted as to more than the one act. To recite that the defendant did the one thing or another makes the indictment bad for uncertainty."

To the same effect is Troutman v. United States, 10 Cir., 100 F.2d 628, 631, and Wolpa v. United States, 8 Cir., 86 F.2d 35, 38.

■ The contention that the indictments do not disclose with sufficient certainty to the defendants the offenses charged, and that the indictments are therefore defective, is sustained by the decisions.

Accordingly, the motions to quash must be and are hereby granted.