## STATE v. J. L. ALBARTY.

### (Filed 12 June, 1953.)

**1. Constitutional Law § 32—**

There can be no valid trial, conviction, or punishment for a crime with‑
out a formal and sufficient accusation.

**2. Indictment and Warrant § 9—**

An accusation of crime must inform the court and the accused with cer‑
tainty as to the exact crime the accused is alleged to have committed.

**3. Sales § 1—**

"Barter" and "sale" are not synonymous, barter being the exchange of
one commodity for another, and a sale being the transfer of goods for a
specified price payable in money.

**4. Gambling § 4—**

G.S. 14-291.1 proscribes four separate offenses: (1) the sale of lottery
tickets, (2) the barter of lottery tickets, (3) causing another to sell lottery
tickets, (4) causing another to barter lottery tickets.

**5. Indictment and Warrant § 9—**

Where a statute specifies· in the alternative. several·means or· ways in
which an offense may be committed, an indictment under the statute should
not charge such means or ways in the alternative.          ·¡·

**6. Gambling § 7—**

A warrant charging in the alternative that *defendant sold or bartered
or caused another to sell or barter lottery· tickets, is fatally defective in
failing to specify the crime with which defendant is charged.* The warrant
should also describe the character of the lottery with definiteness. G.S.
14-291.1.

**7. Criminal Law § 54b—**

A verdict which finds defendant guilty as charged must be interpreted
in the light of the criminal complaint.

**8. Same: Gambling § 11—**

Where the warrant charges an offense disjunctively or alternatively, and
the verdict finds the defendant guilty as charged, the verdict is invalid
for uncertainty, since it fails to identify the crime of which the defendant
is convicted.

**9. Criminal Law § 78c—**

Where the jury returns a verdict of guilty as charged in the warrant,
and the warrant charges the offense in the alternative, the verdict does not
support the judgment, and therefore the verdict and judgment will be set

aside upon defendant's exception to denial of his motion to set aside the verdict and exception to the judgment, notwithstanding the absence of a motion to quash the warrant or a motion in arrest of judgment.

**10. Criminal Law § 81i—**

The courts do not pass on constitutional questions until the 'necessity for doing so has arisen.

APPEAL by defendant from *Armstrong, J.,* and a jury, at January Term, 1953, of FORSYTH.

Criminal prosecution upon a warrant charging the defendant with several violations of a lottery statute in the alternative or the disjunctive.

This criminal action originated in the Municipal Court of the City of Winston-Salem, and was carried thence to the Superior Court of Forsyth County by the appeal of the defendant.

Trial was had *de novo* in the Superior Court upon the original warrant, which was based on a criminal complaint alleging "that J. L. Albarty, on or about the 28 day of October, 1952, at and in the County aforesaid or within the corporate limits of the City of Winston-Salem, did unlawfully and willfully sell, barter, or caused to be sold or bartered, any ticket, token, certificate for any number or shares in any lottery commonly known as the numbers or butter and eggs lottery, or lotteries of similar character to be drawn or paid within or without the State against the statute in such cases made and provided and against the peace and dignity of the State."

The only evidence at the trial was that adduced by the State. The petit jury found "the defendant guilty of lottery as charged in the warrant." The presiding judge sentenced the defendant to pay a fine and suffer imprisonment as a misdemeanant, and the defendant excepted and appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Buford T. Henderson for defendant, appellant.*

ERVIN, J. There can be no valid trial, conviction, or punishment for a crime without a formal and sufficient accusation. 42 C.J.S., Indictments and Informations, section 1. As a consequence, it is impossible to overmagnify the necessity of observing the rules of pleading in criminal cases.

The first rule of good pleading in criminal cases is that the indictment or other accusation must inform the court and the accused with certainty as to the exact crime the accused is alleged to have committed. *S. v. Cole,* 202 N.C. 592, 163 S.E. 594; *S. v. Carlson,* 171 N.C. 818, 89 S.E. 30;

*S. v. Green,* 151 N.C. 729, 66 S.E. 564; *S. v. Lunsford,* 150 N.C. 862, 64 S.E. 765; *S. v. Hill,* 79 N.C. 656.

The language of the criminal complaint underlying the original warrant discloses that it was intended to be drawn under G.S. 14-291.1, which makes it a misdemeanor for any person to "sell, barter or cause to be sold or bartered, any ticket, token, certificate or order for any number or shares in any lottery, commonly known as the numbers or butter and egg lottery, or lotteries of similar character, to be drawn or paid within or without the State."

The words "barter" and "sell" are not used in this statute as synonyms. Barter is a contract by which parties exchange one commodity for another. It differs from a sale, in that the latter is a transfer of goods for a specified price, payable in money. *Speigle v. Meredith,* 22 Fed. Cas. 910; *Hatfield v. State,* 9 Ind. App. 296. See, also, in this connection: *Duke v. State,* 146 Ala. 138, 41 So. 170; *Coker v. State,* 91 Ala. 92, 8 So. 874; *Gunter v. Leckey,* 30 Ala. 591; *Forkner v. State,* 95 Ind. 406; *Westfall v. Ellis,* 141 Minn. 377, 170 N.W. 339; *Stone v. Rogers,* 186 Miss. 53, 189 So. 810; *J. I. Case Threshing Mach. v. Loomis,* 31 N.D. 27, 153 N.W. 479; *Jenkins v. Mapes,* 53 Ohio St. 110, 41 N.E. 137; *Sturgill v. Lovill Lumber Co.,* 132 W. Va. 172, 51 S.E. 2d 126. This being so, an accused may violate G.S. 14-291.1 in four distinct ways. He may sell the illegal articles, or he may barter them, or he may cause another to sell them, or he may cause another to barter them.

The criminal complaint involved in this action is drawn in the alternative or the disjunctive rather than the conjunctive, and charges the defendant with violating the statute by selling the illegal articles, *or* by bartering them, *or* by causing another to sell them, *or* by causing another to barter them, leaving the exact accusation against him shrouded in uncertainty. In so doing, the criminal complaint offends the first rule of good pleading in criminal cases. It is well settled "that an indictment or information must not charge a party disjunctively or alternatively in such manner as to leave it uncertain what is relied on as the accusation against him. Two offenses cannot, in the absence of statutory permission, be alleged alternatively in the same count. As a general rule, where a statute specifies several means or ways in which an offense may be committed in the alternative, it is bad pleading to allege such means or ways in the alternative." 42 C.J.S., Indictments and Informations, section 101. See, also, in this connection: *S. v. Williams,* 210 N.C. 159, 185 S.E. 661; *S. v. Harper,* 64 N.C. 129; *United States v. Buckner,* 118 F. 2d 468; *Price v. United States,* 11 F. 2d 283; *United States v. Dedof,* 42 F. Supp. 57; *Isom v. State,* 71 Ga. App. 803, 32 S.E. 2d 437; *Powell v. State,* 196 Miss. 331, 17 So. 2d 524; *State v. Jefferson,* 19 N. J. Misc. 678, 23 A. 2d 406; *Brown v. State,* 139 Tex. Cr. R. 332, 140 S.W. 2d 449;

*State v. Kitzerow,* 221 Wis. 436, 267 N.W. 71. We deem it advisable to observe that the criminal complaint falls short of the rules of pleading in another aspect. It does not describe the character of the lottery with definiteness. *President v. State,* 83 Ga. App. 731, 64 S.E. 2d 596.

The verdict must be interpreted in the light of the criminal complaint because the jury found "the defendant guilty of lottery as charged in the warrant." When this is done, it appears that the jury made this anomalous finding: That the defendant is guilty of selling lottery tickets, *or* that the defendant is guilty of bartering lottery tickets, *or* that the defendant is guilty of causing another to sell lottery tickets, *or* that the defendant is guilty of causing another to barter lottery tickets. This being true, the verdict is invalid for uncertainty. It is not sufficiently definite and specific to identify the crime of which the defendant is convicted. *S. v. Williams, supra.* In consequence, it will not support a judgment. *S. v. Lassiter,* 208 N.C. 251, 179 S.E. 891; *S. v. Snipes,* 185 N.C. 743, 117 S.E. 500. While the defendant did not question the validity of the criminal complaint by a motion to quash the warrant or a motion in arrest of judgment, he did challenge the sufficiency of the verdict to support the judgment by an exception to the denial of his motion to set aside the verdict and an exception to the judgment itself. *S. v. Snipes, supra.*

Since the judgment is not supported by the verdict, the judgment and the verdict are set aside, and the cause is remanded to the Superior Court of Forsyth County for further proceedings conforming to law.

We refrain from expressing any opinion upon the question of the constitutionality of the statutes extending the territorial jurisdiction of the Municipal Court of the City of Winston-Salem. This course is in keeping with the settled practice that courts do not pass on constitutional questions until the necessity for so doing has arisen. *S. v. Wilkes,* 233 N.C. 645, 65 S.E. 2d 129; *Horner v. Chamber of Commerce,* 231 N.C. 440, 57 S.E. 2d 789.

New trial.