**GOVERNMENT OF THE VIRGIN ISLANDS**
v.
**IVAN McINTOSH, ULRIC PETERSEN, EMILE HEYWOOD, JR., JAMES BREWSTER, FRANK FRANCIS, RICARDO EDWARDS, ALPHONSO ABRAMSON, ALEXANDER BARNES and MARIO SAMUEL**

Criminal No. 3 — 1958

District Court of the Virgin Islands

Div. of St. Croix at Frederiksted

December 22, 1958

LEON P. MILLER, ESQ., United States Attorney, Charlotte Amalie, Virgin Islands, *for the government*

R. H. AMPHLETT LEADER, ESQ., Frederiksted, Virgin Islands, *for the defendants*

MARIS, *Circuit Judge*

This is a preceding brought by the defendants to review under 5 V.I.C. § 1421, and Rule 186 of the Rules Governing the Municipal Courts,[1] the judgment of conviction entered against them in the Municipal Court of St. Croix. Upon such a proceeding this court is called upon to determine whether the municipal court committed an error apparent on the face of the record or exceeded its jurisdiction.

The record shows that the defendants were charged in the complaint filed in the municipal court with gambling in violation of 14 V.I.C. § 1224. That section is as follows:

"§ 1224. Gambling

"Whoever —

"(1) deals, plays, carries on, opens or conducts, either as owner or employee, either for hire or not, any game of chance played with dice, cards, slot machines or any other device, for money, checks, credit or other representative of value; or

"(2) plays or bets at or against any such game; or

"(3) is willfully present where any such game is being played —

---

[1] "Rule 186. Writs of review

"The decisions of the municipal court may be reviewed by district court by writ of review for the erroneous exercise of judicial functions, want of jurisdiction or errors of law appearing on the record of the proceedings. Upon such review, the district court shall have power to affirm, modify, reverse or annul the decision reviewed and, if necessary, to award restitution or by mandate to direct the municipal court to proceed according to its directions."

shall be fined not more than $200 or imprisoned not more than 180 days, or both."

The complaint charged that the defendants "did wilfully and unlawfully between the hours of 10.30 & 11 p.m. carry on a gambling game with dice for money on the beach head south of the fish market or was wilfully present while said gambling game was being carried on."

The defendants moved in the municipal court to dismiss the complaint, their motion was overruled, they were each convicted and sentenced to pay a fine of $15 and their subsequent motion to arrest the judgment was denied. On this review they renew their contention made in the municipal court that the complaint was duplicitous and they urge that it was error for the municipal court not to dismiss it. I think that their contention is well taken.

While it has been held that offenses which are of the same class and punished by the same penalty may be charged conjunctively in one count, it is well settled that such offenses may not be charged disjunctively in the same count unless expressly authorized by statute. The Confiscation Cases, 1873, 87 U.S. 92, 104, 22 L. Ed. 320; United States v. Lutz, 3 Cir. 1944, 142 F.2d 985, 990; Price v. United States, 5 Cir. 1945, 150 F.2d 283, 284, cert. den. 326 U.S. 789, 66 S. Ct. 473, 90 L. Ed. 479; United States v. Dedof, E. D. Pa. 1941, 42 F. Supp. 57. See also 27 Am. Jur. Indictments and Informations § 127; 42 C.J.S. Indictments and Informations § 101. For a complaint or information drawn in such form leaves the defendant uncertain as to what the Government relies on as the accusation against him. It is, therefore, bad because it is duplicitous.

14 V.I.C. § 1224 defines three separate and distinct offenses which are mentioned in the statute in the disjunctive. The complaint in this case charged the defendants in a single count with violating one *or* the other of two of these offenses. This use of the disjunctive in the

complaint left the defendants uncertain as to which charge the government relied upon. The complaint was defective for this reason and should have been dismissed. If the complainant was uncertain as to which offense was actually committed the two possible offenses could have been charged in separate counts and the defendants would then have been on notice that they must meet each of them. See Rule 7, Federal Rules of Criminal Procedure, 5 V.I.C. App. II, 18 U.S.C. App.

A judgment will be entered reversing the judgment of the municipal court and directing it to dismiss the complaint.