GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

ANA AMARO, Appellant

Crim. No. 79-1969

District Court of the Virgin Islands

Division of St. Croix

September 23, 1971

---

GEOFFREY BARNARD, Attorney General, Christiansted, St. Croix, V.I., *for the plaintiff*

HODGE, SHEEN & FINCH (WINSTON A. HODGE, ESQ., of counsel), Christiansted, St. Croix, V.I., *for the defendant*

YOUNG, *Judge*

## MEMORANDUM OPINION

The facts in this case are simple and not in dispute. Appellant is the owner and proprietor of the Sheridan Night Club located in Frederiksted. On the evening of May 15, 1969, two patrolmen, dressed in civilian clothes, visited the nightclub as patrons, admittedly for the purpose of investigating the conduct of the nightclub. Both of the policemen were solicited by two barmaids working in the club. The solicitation was to engage in unlawful sexual intercourse, but the evidence is vague, to say the least, as to where the solicited engagements would take place.

Shortly after the solicitations were proferred, Appellant approached the patrons' table and said something in Spanish to the two girls. What was said was not ascertained, since the two investigators did not understand Spanish. They testified, however, that immediately after Appellant spoke to the girls, the girls left the table and returned to their work behind the bar. The two investigators then left the premises.

Shortly thereafter, the investigators returned with approximately eight members of the Department of Public Safety. Whether they were all detectives in mufti or pa-

trolmen in uniform is unknown, but the spokesman for the group, a detective in mufti, identified himself to appellant and, before giving any of the Miranda warnings, asked Appellant who owned the bar. She replied that she was the owner. Appellant was then arrested and charged with violation of 14 V.I.C. 1624(2) in that she did "unlawfully keep a house for persons to visit for unlawful sexual intercourse . . . ."

At the trial, the investigators testified as to the solicitations and the detective testified as to Appellant's admission to being the owner of the nightclub. This testimony was admitted over the objection of defense counsel. At the conclusion of the Government's case, defense counsel's motion to dismiss the complaint was denied. Appellant offered no testimony. The Court found Appellant guilty of the crime as charged in the complaint and sentenced her to three months imprisonment, suspending two months thereof.

Appellant raises several questions on appeal:

(1) Whether the trial court erroneously admitted Appellant's admission of ownership of the nightclub.

(2) Whether the trial court erred in finding that the solicitation of one of the two investigators was for sexual intercourse *within* the nightclub premises.

(3) Even if Appellant's admission of ownership had been properly admitted, whether the trial court erred in denying the motion to dismiss on the grounds that there was no evidence showing:

(a) That the nightclub was the forum for the proposed unlawful sexual intercourse.

(b) That the barmaids' solicitations were made with Appellant's knowledge and consent and under her control.

■ I find it unnecessary to discuss the applicability or non-applicability of the Miranda rule for the reason that

I must reverse the judgment of the Municipal Court on other grounds. I have been unable to find any evidence to support the Municipal Court's finding that the solicitations contemplated engaging in unlawful sexual intercourse within the nightclub premises. One of the investigators said he did not know where they were to go for the engagement and he assumed that it was somewhere other than in the nightclub. The other said that they were to go somewhere in a taxi, although he did not know where. Even the Government's attorney conceded that the solicited sexual intercourse was not intended to take place in the premises of the nightclub. Furthermore, the testimony of the investigators indicated that the sexual intercourse, if arranged at all, would have to be after the girls "got off work" in the nightclub for the day.

■ To be convicted of keeping a house or place for persons to visit for unlawful sexual intercourse, there must be some evidence to establish beyond a reasonable doubt that the house or place did, in fact, contain some "back room" facilities or chambers for sexual intercourse. Whatever solicitation there may have been would have had to contemplate that the proposed activity would be intramural and within the walls of the establishment.

The nightclub may have been a house of assignation in violation of 14 V.I.C. 1624(1), but Appellant was not charged with such a violation. Even if Appellant had been so charged with "keeping a house of assignation", there is serious question (but I express no opinion), whether the evidence is sufficient to prove beyond reasonable doubt Appellant's scienter and necessary control over the ostensibly extracurricular activities of the solicitants. Whatever she may have told the solicitants in Spanish (which the investigators did not understand) may well have been an admonishment not to fraternize with the patrons and to get back to work. I fail to see any significance of a con-

versation between owner and barmaids that no one understood except those conversing.

■ Appellant was charged with and convicted of keeping a place for persons to visit for unlawful sexual intercourse. Such a conviction cannot be supported by proof of keeping a place of assignation. Government of the Virgin Islands v. McIntosh, D.C.V.I. 1958, 3 V.I. 423. The conviction cannot stand.

The judgment will be reversed with directions to enter a judgment of acquittal.